IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRIMARY COLOR, LLC,** | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:19-CV-1897-S |
| **GLOBAL IMAGING, INC., and M&R PRINTING EQUIPMENT, INC.** | § § § § § | |
| *Defendants.* | § § § § | |

## SECOND AMENDED NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:

Pursuant to provisions of 28 U.S.C. § 1446, and in accordance with this Court's August 26, 2019 Order [Dkt. No. 7], PLEASE TAKE NOTICE that Defendant Global Imaging, Inc. ("Global Imaging") hereby files this Second Amended Notice of Removal, removing Case No. DC-19-09134, filed in Dallas County District Court, 162nd Judicial District, and all claims and causes of action therein, to the United States District Court for the Northern District of Texas, Dallas Division. As grounds for removal, Global Imaging respectfully states as follows:

## I.
## COMMENCEMENT AND SERVICE

1.  On June 26, 2019, plaintiff Primary Color, LLC filed suit against defendants Global Imaging and M&R Printing Equipment, Inc. in the 162nd District Court, Dallas County, Texas, styled *Primary Color, LLC v. Global Imaging, Inc., et al.*, Cause No. DC-19-09134 (the "Petition").

2. On July 12, 2019, plaintiff served the Petition on Global Imaging's agent for service of process. *See* Document 1 to the previously-filed Index of State Court Pleadings at ¶ 3; *see also* Document 6 to the Index of State Court Pleadings (Return of Service of Summons). Global Imaging timely filed an Original Answer to plaintiff's Petition on August 5, 2019. *See* Document 7 to the Index of State Court Pleadings.

3. On information and belief, no other defendants have been served, as no service of process has been filed with respect to defendant M&R Printing Equipment, Inc. However, on further information and belief, any co-defendants would consent to removal.

4. In accordance with Local Rule 81.1, an index of all documents accompanied Global Imaging's original Notice of Removal that clearly identified each document and indicated the date the document was filed in state court; attached as Documents 1 through 7 to the Index of State Court Pleadings is each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date. A copy of the Judge's Docket sheet in the state court action also accompanied the original Notice of Removal. Also, in accordance with Local Rule 81.1, Global Imaging filed contemporaneously with this original Notice of Removal a civil cover sheet, a supplemental civil cover sheet, and a separately signed Certificate of Interested Persons that complies with Local Rule 3.1(f) and Fed. R. Civ. P. 7.1.[1]

5. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that it was filed by Global Imaging within thirty (30) days after the receipt by Global Imaging of a copy of the initial pleading setting forth the claims for relief on which plaintiff's action is based.

---

[1] Pursuant to this Court's August 26, 2019 Order, the documents required by Local Rule 81.1 are not being refiled with this Amended Notice of Removal. (*See* Dkt. No. 7 at pp. 1-2: "If Defendant is satisfied that the notice of removal complies with Rule 81.1 and that additional documents are unnecessary to address the defect identified in this Order, the amended notice of removal required by this Order need not also contain the documents required by Rule 81.1.")

## II.
## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

6. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it involves an action in which there is complete diversity of the parties within the meaning of 28 U.S.C. § 1332(a) and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Here, plaintiff contends in the Petition that it seeks monetary relief well over the $75,000.00 diversity jurisdiction minimum – indeed, Primary Color seeks between two hundred thousand dollars ($200,000.00) and one million dollars ($1,000,000.00) in damages. *See* Document 1 to the Index of State Court Pleadings at ¶ 40.

8. Further, there is complete diversity between the parties here. Under the diversity statute, corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business..." 28 U.S.C. § 1332(c)(1).

9. Plaintiff alleges in the Petition that it is a Limited Liability Company formed under the laws of the State of Texas, with a principal place of business in Dallas County, Texas. *See* Document 1 to the Index of State Court Pleadings at ¶ 2.

10. The citizenship of a limited liability company, such as Primary Color, is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, and upon reasonable investigation, the members of Primary Color, LLC are Mark Hoffmann and Mark Truan. Upon information and belief, and upon reasonable investigation, Mark Hoffmann and Mark Truan are

all residents of and citizens of the State of Texas. Upon information and belief, and upon reasonable investigation, all members of Primary Color, LLC are residents and citizens of Texas. Accordingly, Primary Color, LLC is a citizen of Texas for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

11. Global Imaging is a Colorado corporation with its principal place of business located at 2011 Cherry Street, Suite 116, in Louisville, Colorado. *See* Document 1 to the Index of State Court Pleadings at ¶ 3. Accordingly, Global Imaging, Inc. is a citizen of Colorado for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant M&R Printing Equipment, Inc. ("M&R") in a Delaware corporation with its principal place of business located at 440 Medinah Road in Roselle, Illinois. *See* Document 1 to the Index of State Court Pleadings at ¶ 4. Accordingly, M&R Printing Equipment, Inc. is a citizen of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

13. Neither Global Imaging nor M&R is a citizen of Texas.

### III.
### VENUE

14. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the 162nd Judicial District Court of Dallas County, Texas, to this Court is appropriate.

15. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the District Court of Dallas County, Texas, where this action was originally filed and is pending, is located within this judicial district and venue is hence proper.

16. Global Imaging respectfully requests that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial hereof.

17. The undersigned counsel for Global Imaging certifies that they have filed a true

and correct copy of this Notice of Removal with the Clerk of the 162nd Judicial District Court of Dallas County, Texas, as required by 28 U.S.C. § 1446(d), and have given notice of same to all parties.

## IV.
## PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Global Imaging files this Notice of Removal with the United States District Court for the Northern District of Texas, and hereby seeks to remove this action from the 162nd Judicial District Court of Dallas County, Texas, to this Court.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Kirstie M. Simmerman*
**KIRSTIE M. SIMMERMAN**
Texas Bar No. 24083858
2200 Ross Avenue, Suite 4100 W
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053
Email: ksimmerman@grsm.com
**ATTORNEY FOR DEFENDANT
GLOBAL IMAGING, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served September 4, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                  */s/ Kirstie M. Simmerman*
                                  KIRSTIE M. SIMMERMAN