UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIMARY COLOR, LLC, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 3:19-CV-01897-S |
| GLOBAL IMAGING, INC. and | § | |
| M&R PRINTING EQUIPMENT, INC., | § | |
| | § | |
|    *Defendants*. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Primary Color, LLC (hereinafter "Plaintiff") and files this, its Amended Complaint complaining of Defendants Global Imagining, Inc. ("Global") and M&R Printing Equipment, Inc. ("M&R") (collectively "Defendants"), and in support of the same would respectfully show the Court as follows:

### I.    PARTIES

1.    Plaintiff Primary Color is a Limited Liability Company formed under the laws of Texas. Its principal place of business is in Dallas County, TX.

2.    Defendant Global Imaging, Inc. is a Colorado corporation conducting business in Dallas County, Texas. Global's principal place of business is in Louisville, CO. Global has already been served and has filed an appearance in this action.

3.    Defendant M&R is a Delaware corporation conducting business in Dallas County, Texas. M&R's principal place of business is in Roselle, IL. M&R has already been served, and

by agreement of the parties and this Court, will file its responsive pleading 21 days from the filing of this Amended Complaint.

## II.     JURISDICTION AND VENUE

4.     Plaintiff initially filed this action in Texas State Court in Dallas County. Defendant Global removed this action under 28 U.S.C. §1332(a), alleging a complete diversity of parties and an amount in controversy which exceeds $75,000. *See* Document 1 filed in this Action.

5.     This Court is a proper venue for this action under 28 U.S.C. § 1391(a) because a substantial part of the acts or omissions giving rise to this dispute occurred in this judicial district.

## III.     FACTUAL ALLEGATIONS

6.     In or about April, 2017, Plaintiff attended a trade show in which representatives from Global and M&R were advertising and providing information concerning the Ultra III printing press. Based on these representations, Plaintiff made the decision on or about June 26, 2017 to purchase the Ultra III for use in its printing business. At the time of this purchase, Global represented that this was a new machine that had been used only as a demonstration model in the showroom. Global also represented that this press would be suitable for use in Primary Color's operations and that it would be serviced and warrantied by M&R. Plaintiff agreed to purchase this unit for $325,000 in two payments. The first payment of 90% of this amount was tendered to Global upon purchase. The second payment of 10% of the total amount was to be paid at a later point, contingent upon Plaintiff's satisfaction.

7.     The press was delivered to Plaintiff on July 17, 2017 and was set up and installed on July 21, 2017. Within the month, however, Plaintiff reported to Global and M&R that the

machine was experiencing a number of card errors. M&R sent out technicians several times throughout August and September. Despite multiple attempts, M&R was unable to fully address these problems, and the card errors continued.

8. In December, 2017, Plaintiff received a letter from M&R. In this letter, M&R confirmed that, contrary to what Plaintiff was told at the time of purchase, this press was previously used and returned by another customer. M&R also confirmed that M&R was responsible for the warranty and maintenance of this machine, and it believed that the machine was properly functioning following the most recent service. Shortly after receiving this letter, however, Plaintiff once again reported to M&R that the press was experiencing the same card errors.

9. Throughout 2018 and 2019, M&R has sent service technicians to Plaintiff's office in Dallas, Texas on multiple occasions to attempt to fix the problems with this machine. Each repair attempt, however, has been unsuccessful. As a result, Plaintiff is left with a printing press that is not capable of printing. Moreover, Global and M&R have recognized this, as demonstrated by the fact that Global agreed to release the remaining 10% of the total purchase price to Plaintiff earlier this year.

10. Since the time that it originally purchased this machine to the present day, Plaintiff has worked with Global and M&R in an effort to resolve the long standing defects present in the Ultra III. Global and M&R, however, have failed to fix the underlying errors and have refused to refund the purchase price of the machine to Plaintiff.

## V. CAUSES OF ACTION

### A. Breach of Contract against Global and M&R

11.   Plaintiff incorporates the allegations set forth in paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.   On or about June 26, 2017, Plaintiff entered into a contract with Global for the sale of the printing press and a contract with M&R for the maintenance and warranty of this printing press.

13.   At all times relevant, Plaintiff has complied with all conditions precedent to the contract.

14.   Global breached the contract by selling Plaintiff a non-conforming and non-functioning good.

15.   M&R breached its contract by failing to properly maintain and repair a non-functioning good.

16.   As a result of Defendants' breaches and failures to comply with their contracts, Plaintiff has incurred and will continue to incur actual damages, contractual damages, attorney's fees, and costs of court, and collection.

### B. Violations Under the Texas Deceptive Trade Practices Act ("DTPA") against Global and M&R

17.   Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 16 as though fully set forth here.

18.   Defendants have violated several provisions of §17.46 of the DTPA as they have engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied upon to its detriment.  Defendants have also violated several of the "laundry lists" items under §17.46(b) of the Act as well as Chapter 601 of the TEX. BUS. & COM. CODE, which is brought under TEX.

BUS. & COM. CODE §17.46(h) through the "tie-in" statute provision. These violations include, but are not limited to, the following:

    a. Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services, in violation of § 17.46(b)(2) of the DTPA;

    b. Causing confusion or misunderstanding about affiliation, connection, or association with, or certification by another, in violation of §17.46(b)(3) of the DTPA;

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities they do not have, in violation of §17.46(b)(5) of the DTPA;

    d. Representing that goods or services are of a particular standard, quality, or grade when they are of another in violation of §17.46(b)(7) of the DTPA;

    e. Advertising goods or services with the intent to not sell them as advertised, in violation of §17.46(b)(9) of the DTPA;

    f. Representing that a guarantee of warranty confers or involves rights or remedies that it does not, in violation of §17.46(b)(12) of the DTPA;

    g. Representing that a guarantee or warranty confers or involves rights or remedies that it does not, in violation of §17.46(b)(20) of the DTPA;

    h. Breach of express and implied warranties, in violation of §17.46(a)(2) of the DTPA;

    i. Violations under Chapter 601 of the BUS. & COM. CODE;

19. Defendants further violated §17.50 of the DTPA in that these Defendants undertook an unconscionable course of action which took advantage of the lack of knowledge, ability, experience or capacity of Plaintiff to a grossly unfair degree.

20. Further, these false, misleading, or deceptive acts or practices that Plaintiff relied on to its detriment were a producing cause of damages to the Plaintiff.

C. **Fraud in the Inducement against Global**

21. Plaintiff re-alleges each and every allegation contained in Paragraph 1 through 20 as though fully set forth here.

22. Global made representations to Plaintiff concerning the printing press. The representations made by Global were material to the terms of the agreement. Global falsely represented to Plaintiff that the printing press was new, when it was not. Global also falsely represented to Plaintiff that the printing press would be suitable for use in Primary Color's operations.

23. When Global made these representations, it knew that they were false, or made them recklessly, as a positive assertion, and without any knowledge of its truth. Global made these representations with the intent that Plaintiff would rely upon them and act upon them.

24. Plaintiff relied upon these representations whereby causing Plaintiff to incur damages that are within the jurisdiction limits of this Court.

D. **Breach of Express and Implied Warranty against M&R and Global**

25. Plaintiff re-alleges each and every allegation contained in Paragraph 1 through 24 as though fully set forth here.

26. M&R and Global made representations to Plaintiff regarding the quality or characteristics of the printing press by affirmation of facts, promises, and description. These

representations became part of the basis of the bargain.  The printing press did not comply with the representations.

27.     Plaintiff notified M&R and Global of the breaches, and Plaintiff has incurred damages as the result of these breaches within the jurisdictional limits of this Court.

### E.    Negligent Misrepresentation

28.     Plaintiff re-alleges each and every allegation contained in Paragraph 1 through 27 as though fully set forth here.

29.     Global and M&R made representations to Plaintiff in the course of their businesses or in a transaction in which Global and M&R had an interest.

30.     Global and M&R supplied false information for the guidance of Plaintiff.

31.     Global and M&R did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff.

32.     Plaintiff justifiably relied on the representations made by Global and M&R.

33.     Global's and M&R's negligent misrepresentations proximately caused Plaintiff to suffer injury.

### E.    Conspiracy against M&R and Global

34.     Plaintiff re-alleges each and every allegation contained in Paragraph 1 through 33 as though fully set forth here.

35.     Defendants M&R and Global engaged in a course of conduct, the object of which was an unlawful purpose or lawful purpose by unlawful means.  Defendants had a meeting of the minds to engage in the court of action and at least one member committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result of the wrongful act.

36. Defendants' civil conspiracy gives rise to joint and several liability of Defendants.

## VI. DAMAGES

37. Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Plaintiff seeks actual damages in the amount of $292,500, which is the amount it tendered to Global for the Ultra III printing press.

39. Global has previously represented that it has forgiven the remaining $32,500 of the $325,000 purchase price under the terms of the contract. Solely to the extent Global would argue that this amount is still due and owing, Plaintiff would also seek to recover this $32,500 as its actual damages.

## VII. EXEMPLARY DAMAGES

40. Plaintiff incorporates the allegations set forth in paragraphs 1 through 39 of this Petition as if fully set forth herein.

41. Because the Defendants acted knowingly and intentionally, Plaintiff is entitled to recover exemplary damages under §17.50b(1) of the Texas Deceptive Trade Practices Act.

## VIII. ATTORNEY'S FEES

42. Plaintiff incorporates the allegations set forth in paragraphs 1 through 41 of this Petition as if fully set forth herein.

43. Plaintiff is entitled to recover attorney's fees as a result of the Defendants' breach of contract under Civil Practices & Remedies Code § 38.001; under §17.05d of the Texas Deceptive Trade Practices Act.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, that this matter be set for trial before a jury, and that on final trial, Plaintiff be awarded judgement for an amount in excess of the minimum jurisdictional limits of this Court for economic damages; additional damages, consequential damages; incidental damages; punitive damages, exemplary damages, treble damages, return of all monies paid by Plaintiff to Defendants related to this consumer transaction; in the alternative rescission pursuant to TEX. BUS. & COM. CODE § 17.50(b)(3) and §601.202; reasonable and necessary attorney's fees; pre-judgement and post-judgment interest as allowed by law; cost of suit; and all other relief to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully submitted,

**MACDONALD DEVIN ZIEGLER MADDEN KENEFICK HARRIS, P.C.**

By: */s/ Sean W. Fleming*
**SEAN W. FLEMING**
State Bar No. 24027250
sfleming@macdonalddevin.com
**ALLISON M. LOCKHART**
State Bar No. 24083407
ALockhart@MacdonaldDevin.com
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2084
(214) 744-3300 Phone
(214) 747-0942 Facsimile

**COUNSEL FOR PLAINTIFF**

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of October, 2019, a copy of the foregoing pleading was forwarded to all counsel of record through the Court's e-filing system in compliance with the Federal Rules of Civil Procedure.

*<u>Via eFile</u>*
Kirstie M. Simmerman
**GORDON REES SCULLY MANSUKHANI**
2200 Ross Avenue
Suite 4100 West
Dallas, TX 75201
*Counsel for Global Imaging, Inc.*


Timothy Newman
**HAYNES AND BOONE, LLP**
2323 Victory Avenue
Suite 700
Dallas, TX 75219-7672
*Counsel for M&R Printing Equipment, Inc.*

                                                */s/ Sean W. Fleming*
                                                Sean W. Fleming